

| | | |
|---|---|---|
| **GEORGIA M. PESTANA**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **MATTHEW NEALON**<br>*Special Assistant Corporation Counsel*<br>(718) 541-3705 |

January 26, 2022

**VIA ECF**
Hon. Kathleen Polk Failla
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007



Re: *A.K. v. N.Y.C. Dep't of Educ.,* 21-cv-4428 (KPF)(DCF)

Dear Judge Failla:

I am a Special Assistant Corporation Counsel in the office of Corporation Counsel, Georgia M. Pestana, attorney for Defendant in the above-referenced action, wherein Plaintiff seeks solely attorneys' fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. 1400, et. seq. ("IDEA"), as well as for this action.

I write to respectfully request (1) an order compelling counsel to provide relevant billing records no later than January 31, 2022, and (2) that the Court stay the case pending further order of the Court, with a joint status letter due by May 2, 2022, either informing the Court that the matter has been fully resolved or proposing a briefing schedule for a simple fees motion (specifically, not a Rule 56 motion, as liability is not at issue, but rather, the reasonableness of the fees sought).

By Order dated September 21, 2021 (ECF 14), in response to requests from both Plaintiff's counsel (ECF 10) and Defendant's counsel (ECF 13), Your Honor stayed this matter pending further action by the court, with a status letter due by December 21, 2021. On December 17, 2021, the parties requested the continued stay of this matter, noting Plaintiff's counsel had agreed to produce the required billing records by December 23, 2021 (ECF 16). Your Honor granted that request by an Order (ECF 17) the same day. However, the Roller firm failed to provide billing records by the agreed date. Requests made to Plaintiff's counsel, most recently on January 6, January 13, and January 24, 2022, have not resulted in the production of billing records. Thus, Defendant remains unable to begin to assess settlement of this case, nor develop a response to the Complaint.

1

This case is one of many where Defendant has needed to seek Court intervention to obtain relevant billing records in order to facilitate settlement of IDEA fees-only actions, where liability is not in issue. Despite many dozens of requests from this office over the past sixteen months in many similar cases brought by Plaintiff, the Roller Firm continues to fail to provide the records in most of these cases unless and until Defendant seeks orders to compel and to stay. Indeed, in addition to this case, Your Honor has previously issued Orders to Stay in two identical cases brought by the Roller Firm. In issuing one such Order, Your Honor noted Ms. Roller's *modus operandi* of unresponsiveness, and Ordered production of billing records, noting:

> The Court has been waiting to see if Plaintiff would file any sort of response to Defendant's letter. However, given that any such response would have been due yesterday, and given the Court's familiarity with Ms. Roller's *modus operandi*, the Court will GRANT Defendant's requests. This action is hereby STAYED through December 25, 2020.

*See F.S. v. NYC Dep't of Educ.*, 20-cv-4538 (KPF)(OTW) (ECF No. 9). *See also H.D. v. NYC Dep't of Educ.*, 20 cv-2238 (KPF)(GWG) (ECF No. 14).

Many judges on the Southern District bench have ordered the Roller Firm to provide billing records to this office, and have also imposed stays to enable Defendant to prepare the cases for settlement negotiations. *See e.g.,* Order from Chief Judge McMahon—issued today—in *V.K. v. N.Y.C. Dep't of Educ.,* 21-cv-6855 (CM) (ECF No. 17):

> (1) The Roller Firm has until Friday February 4, 2022 to provide the City with its billing records. The failure to do so will be treated by this Court as the equivalent of a violation of an order to compel, which will subject counsel to sanctions, including but not limited to DISMISSAL OF THE COMPLAINT WITH PREJUDICE. Am I clear? (2) If the Roller Firm produces its billing records by 2/4/2022, the case will be stayed for settlement discussions until April 29, 2022. (3) If the Roller Firm fails to produce - even if it is just one day late - I expect the City to move for sanctions. (Signed by Judge Colleen McMahon on 1/25/2022) (kv).

*Id*. Indeed, there is now a substantial collection of Orders issued by judges of this District staying these cases and compelling the Roller Firm to produce "contemporaneous" billing records to Defendant so that these matters can be settled. [1]

As the Court is aware, this case cannot be resolved unless and until Plaintiff provides relevant billing records. By way of background, the overwhelming majority of fee claims following IDEA administrative proceedings are resolved amicably between plaintiff's counsel and the DOE, without the need for federal action. The small portion of fee claims (less than 10% of those presented to the DOE) that do not resolve through settlement with the DOE, once a federal action is filed, are routinely settled without further litigation following negotiations between plaintiff's

---

[1] *See also* Order dated December 3, 2021 in *L.W. v. N.Y.C. Dep't of Educ.,* 21-cv-6857 (PAC)(RWL) (ECF No. 9), and *G.S. obo D.S. v. NYC Dep't of Educ.*, 20 cv-10729 (GHW)(DCF) (ECF No. 15); *J.K. et. al. v. NYC Dep't of Educ.*, 20-cv-10514 (JPC)(SN) (ECF No. 8); *J.S. v. N.Y.C. Dep't of Educ.*, 20-dv-2105 (PAE)(JLC) (ECF No. 10); *J.J. v. NYC Dep't of Educ.*, 20-cv-05214 (JGK)(SDA)(ECF No. 7); *M.D. v. NYC. Dep't of Educ.*, 20-cv-00694 (CM)(DCF) (ECF No. 14); *I.O. v. NYC Dep't of Educ.*, 20-cv-5061 (PAC)(SN) (ECF No. 6).

counsel and the New York City Law Department (with final approval by the New York City Comptroller). However, the Roller Firm typically—and inexplicably—waits until the very last day of the three-year statute of limitations to file the federal claim without having presented that claim previously to the DOE. A small fraction of the federal filings do not settle and go to motion practice. Indeed, only one of the many dozens of identical IDEA fees-only actions filed by the Roller Firm have resulted in motion practice after settlement negotiations failed. *See G.T. v. N.Y.C. Dep't of Educ.,* 18-cv-11262, 2020 U.S. Dist. LEXIS 55420 (S.D.N.Y. Mar. 30, 2020), *adopting G.T.*, 2020 U.S. Dist. LEXIS 25557 (S.D.N.Y. Feb. 12, 2020) (assigning Ms. Roller $375/hr. for work performed in an administrative hearing against the DOE).

We do not understand Plaintiff's delay. The records at issue are required to be prepared *contemporaneously* with the work that Plaintiff's counsel performs related to this and the underlying administrative proceeding. On September 11, 2020, Judge Woods voiced concern over a similar delay by the Roller Firm when presented with Defendant's letter motion seeking a stay and order to compel:

> As a brief aside for counsel for plaintiff [Ms. Roller], if you are running these cases, the underlying hearings, if you're keeping *contemporaneous* time records as you go while litigating the case, the process of presenting the records shouldn't be much more than pressing "print". What's the impediment here? The obligation is to create and maintain contemporaneous time records, which would be what you would be presenting to the Court. *I expect, if you were to be litigating this in front of me, you would not be recreating your time records or reconstructing them. Instead, you would be printing out the contemporaneous time records, meaning records that you had made at the time of the representation.* So it's not really clear to me why it would be that there is a time lag involved in the presentation of these records if indeed you are, as you are supposed to when you present motions to the Court, presenting contemporaneous time records."

*See* Judge Woods in *S. T. v. N.Y.C. Dep t of Educ.*, 20-cv-3816 (GHW)(RWL)(emphasis added).

Defendant believes that if attorney billing records are provided, the parties have a very high likelihood of fully resolving this matter within 90 days, without further burden on the Court. Therefore, Defendant respectfully requests (1) an order compelling counsel to provide relevant billing records no later than January 31, 2022, and (2) that the Court issue a further stay of this action, with a joint status letter due by May 2, 2022, either informing the Court that the matter has been fully resolved or proposing a briefing schedule for a simple fees motion.

Thank you for considering these requests.

Respectfully submitted,

/s/
Matthew P. Nealon, Esq.
Special Assistant Corporation Counsel

cc:    Irina Roller, Esq. (via ECF)

The Court is in receipt of the above-letter, dated January 26, 2022, in which Defendants request, *inter alia*, an order compelling Plaintiff to provide relevant billing records. (Dkt. #18).  The Court takes seriously the pattern of dilatory conduct described by Defendant.  Prior to determining the appropriate next steps, the Court wishes to hear from Plaintiff on the issues raised by Defendant.  Accordingly, Plaintiff shall submit a response addressing the issues raised in Defendant's letter on or before **January 31, 2022.**

The Clerk of Court is directed to terminate the pending motion at docket entry 18.

Dated:     January 26, 2022                SO ORDERED.
           New York, New York

                                           HON. KATHERINE POLK FAILLA
                                           UNITED STATES DISTRICT JUDGE